## Weidner v. Weidner et al.

Lee Friday, for plaintiff; Walter B. Freed, for defendants.

SCHAEFFER, P. J., June 6, 1933.—In her bill the plaintiff prays for a decree restraining her husband and the sexton of a cemetery from interfering with her proposed removal of the body of a deceased child from said cemetery, and for a decree permitting her to disinter the body of said child and to bury it in another cemetery.

From the testimony presented, we make the following

### Findings of fact

1. The plaintiff and the defendant, John Weidner, are husband and wife, who have been and are living separate and apart.

2. In December 1928 there was born to them a daughter, Gladys F. Weidner, who died May 17, 1930.

3. The body of said child was, with the consent and approval of both parents, buried in Oley Cemetery, Berks County, upon a lot owned by the father, John Weidner.

4. The father paid all the expenses of said burial.

5. The other defendant, Lawrence Mathias, is the sexton of said Oley Cemetery.

6. Plaintiff now desires to remove the body of this child from the Oley Cemetery to re-inter it in Shankel's Cemetery in Chester County.

7. The father of the child refuses to consent to such proposed removal.

### Discussion

There is no real dispute here as to any material fact. The plaintiff and John Weidner are the parents of the child that has died, and together they arranged for its proper burial upon the lot owned by the father. The mother supervised the funeral arrangements, and the father paid the expenses. The plaintiff now desires to remove the body to Chester County, but the father refuses to consent.

The rule of law applicable to this case is clear. In the first place, there is the principle that the buried remains should not be unnecessarily disturbed. There is a presumption against removal. And where a young child dies who could have had no preference as to place of burial, and both parents agree as to the burial place, neither parent has the right to remove the body to another place without the consent of the other. These principles are well set forth in De Benedetto v. Caleo et al., 18 Berks 42.

The plaintiff also alleges that she has provided a tombstone to mark the child's grave. Upon the hearing, Mr. Weidner agreed to permit plaintiff to erect the tombstone at the child's present grave.

We are without authority to require the defendants to consent to the removal of the child's remains. The bill must therefore be dismissed. But as we are satisfied that plaintiff has been prompted in these proceedings by a deep maternal love, we believe it to be just to require the husband to share the costs of the suit equally with her.

### Conclusions of law

1. Florence Weidner, the mother, and John Weidner, the father, have rights of equal grade in determining whether the body of Gladys F. Weidner shall remain where it was originally buried, or whether it shall be removed to another cemetery.

2. As the father will not consent to the removal of the body to another cemetery, we are without authority to enter a decree for the plaintiff.

3. The bill must be dismissed.

4. The costs shall be paid in equal shares by the plaintiff and by the defendant, John Weidner.

And now, to wit, June 6, 1933, the prothonotary is directed to enter a decree nisi in accordance with the foregoing decision, and forthwith to give notice thereof to the parties or their counsel of record, sec. reg.

From Charles K. Derr, Reading, Pa.